# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

UNITED STATES OF AMERICA

V.

KEN RICHARDS

(Name and Address of Defendant)

FILED by _____ D.C.

JUN 1 5 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**CRIMINAL COMPLAINT**

CASE NUMBER: 00-4143-BSS

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief From on or about ~~October,~~ Early 2000 ~~1999~~ through the present in _____ Broward _____ county, in the

___ Southern ___ District of ___ Florida ___ and elsewhere, the defendant, with the intent to deceive conspired to, and actually made, uttered and possessed counterfeit securities of an organization and knowingly executed and attempted to execute a scheme and artifice to defraud a financial institution; and, on or about August 13, 1997, did ~~knowingly use~~ individual # a social security number which was not assigned to him ~~to be~~ his. 4C

in violation of Title __18__ United States Code, Section(s) __371, 513(a) and 1344 and__
___ Title 42 United States Code, Section 408(a)(7)(B) ___

I further state that I am a(n) ___ Special Agent ___ and that this complaint is based on the following facts:

Please see attached affidavit.

Continued on the attached and made a part hereof: ☒ Yes ☐ NO

Signature of Complainant
S. JASON KROUT, SPECIAL AGENT
UNITED STATES SECRET SERVICE

Sworn to before me, and subscribed in my presence,

June 15, 2000
Date

BARRY SELTZER
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

at Fort Lauderdale, Florida
City and State

Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, S. JASON KROUT, being duly sworn, depose and say:

1. I am a Special Agent with the United States Secret Service (USSS) and have been so employed since June of 1999. I am currently assigned to the Miami Field Office of the USSS, and my duties include among other things, the investigation of counterfeit corporate checks. I have been involved with numerous investigations involving the uttering and printing of counterfeit checks. I submit this affidavit based on information known to me personally from the investigation, as well as that obtained from other law enforcement officers who have investigated this matter, and other individuals who have personal knowledge of the facts herein.

2. This affidavit is being submitted in support of Criminal Complaint against KEN M. RICHARDS, and as such does not include all the information known to me as part of this investigation, but only information sufficient to establish probable cause for the arrest of KEN M. RICHARDS for violations of Title 18, United States Code, Sections 513 and 1344, and Title 42, United States Code, Section 408(a)(7)(B). 4(

3. On February 9, 2000, Special Agent ("SA") Roland and the undersigned interviewed Peggy M. Mejia, a suspect in a counterfeit check-cashing scheme. After being advised of her rights against self-incrimination as per *Miranda*, Mejia admitted that she was involved in a counterfeit check-cashing scheme involving Bank of America. Mejia acted as a "runner" which is the person who receives the counterfeit checks from a "recruiter" and cashes them at specified locations, typically banks or check cashing stores. Mejia advised that she received approximately seventeen (17) counterfeit checks from "Judy," the "check recruiter." Judy, has been positively identified as Judy D. Marquis. Marquis would contact Mejia via telephone and pick her up at her residence. Marquis and Mejia would then meet the "check

1

supplier," "Ken," at his place of business at 3590 State Route 7, Suite Number ,25, Miramar, Florida 33023. "Ken" would distribute the checks which were to be cashed at various banks and collect the cash and "uncashed" checks at the end of the day. Mejia would receive approximately forty percent of the proceeds. Mejia was shown a photographic lineup and positively identified "Ken" as KEN M. RICHARDS., residing at 2642 Sable Palm Drive, Miramar, Florida 33023.

4. The approximate seventeen (17) counterfeit checks identified in paragraph 3 above were drawn on the Nations Bank, N.A. account of Shands at the University of Florida, P.O. Box 100336, Gainesville, Florida 32610-0336 and had approximate value of $17,974.00.

5. On April 7, 2000, Latent Fingerprint Examiner Gilbert A. Tamez of the Miami Dade Police Department, analyzed the counterfeit Shands checks described above. She advised that an inked fingerprint impression from KEN M. RICHARDS was discovered on Shands counterfeit check number 732437.

6. Through additional investigation, the undersigned has discovered approximately 10 counterfeit checks drawn on the account of Martin Luther King Elementary School, 591 N.W. 31 Avenue, Fort Lauderdale, FL 33313 from Nations Bank, N.A. Florida, totaling approximately $8,155.87. An inked fingerprint impression from RICHARDS was discovered on one of these checks, check number 0883, as reported by Latent Fingerprint Examiner. Gilbert A. Tamez of the Miami Dade Police Department.

7. On April 11, 2000, the undersigned received documents from The Money Store, 1625 N. Market Street, Sacramento, CA 95834-1946. These documents outline a second mortgage in the amount of $35,800.00 to Ken C. RICHARDS of 2642 Sable Palm Drive Miramar, Florida 33023, with a social security number (SSN) of 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. Also included in the Money Store packet were

2

three years' worth of W-9 tax forms ( 1995, 1996 and 1997) in the name of Ken C. RICHARDS, social security number 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, employed by Squeaky's Carpet Cleaning. The undersigned requested that the Investigative Support Division (ISD) run a Social Security report and Equifax (tracking report) report on SSN 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. The results of this check showed that SSN 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 was issued to a female between 1969-1971 in Pennsylvania. That female currently resides in Loganton, Pennsylvania. On or about August 13, 1969, RICHARDS went to the Mary Stue ... [illegible handwritten text] ... application for the screed mortgage and gave SSN 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 as his social security number.

8. On April 25, 2000, the undersigned spoke with Fraud Investigator Tom Bailor of Chevy Chase Bank regarding RICHARDS' credit card accounts. Mr. Bailor verified that RICHARDS had two (2) credit cards in his name with Chevy Chase, and that the accounts were opened under the social security number 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. On his application, RICHARDS had listed telephone number (954) 981-4462 as his work number. Mr. Bailor verified that both accounts had been referred to the fraud unit for losses in the amount of $2,600 and $800. Also, Mr. Bailor was able to link eight (8) other fraudulent credit card accounts that used the phone number which RICHARDS had given as his work number, (954)981-4462. According to Bell South telephone records, (954)981-4462 is registered to Arts Mini-Storage. On an application to GE Capitol Mortgage , RICHARD had listed Arts Mini-Storage as an employer.

9. On or about, May 23, 2000, the undersigned received information from one of RICHARDS' associates, Marcos Tejedas, that RICHARDS had recently telephoned him about doing "business" together. Tejedas had worked with RICHARDS in the past in counterfeit check schemes. Tejedas would design the counterfeit checks, and RICHARDS would imput all of the information on the checks, such the account number, routing information, authorized signature and amounts. RICHARDS requested that Tejeda return Richards' magnetic toner so that he, RICHARDS, could

3

print counterfeit corporate checks. Tejedas explained that he did not have the magnetic toner readily available but would obtain it and contact RICHARDS.

10. On or about, May 24, 2000, Tejeda placed a controlled telephoned call to RICHARDS. During the conversation Tejeda advised RICHARDS that he could get the necessary equipment to RICHARDS on Friday June 2, 2000. RICHARDS told Tejeda to telephone him once he had the equipment.

11. On or about, June 9, 2000, Tejeda spoke with RICHARDS. RICHARDS informed Tejeda that he (RICHARDS) would give him (Tejeda) his computer and 2 printers so that Tejeda could design new counterfeit corporate checks.

12. On or about June 12, 2000, Tejeda, wearing an Audio Intelligence Devices body wire, went to Squeaky's Car Wash located at 5920 Washington Street, Miramar, Florida, 33023, a business owned by RICHARDS. RICHARDS and Tejeda discussed moving RICHARDS' computer equipment (3 computer, printers and toners) and "necessary paperwork" from his residence and into a new office location. RICHARDS stated on more than one occasion that the equipment was at his residence and that he would loan the equipment to Tejeda so they could get back into "business" together and earn extra income.

14. Based on my experience as a Special Agent for the Secret Service, and upon the above-stated facts, there is probable cause to believe that violations of Title 18, United States Code, Sections 371, 513(a) and 1344 and Title 42, United States Code, Section 408(a)(7)(B), have been committed by KEN M. RICHARDS and others.

**FURTHER AFFIANT SAYETH NAUGHT.**

Special Agent S. Jason Krout
United States Secret Service

Subscribed and sworn before
me this 15th day of June, 2000.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

5