UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  00-6175-CR-ZLOCH/SELTZER

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KEN M. RICHARDS,<br>JUDY MARQUIS,<br>and,<br>PEGGY MEJIA<br><br>Defendants.<br>_____/ | **NIGHT BOX<br>FILED**<br><br>AUG  2 2000<br><br>CLARENCE MADDOX<br>CLERK, USDC / SDFL / FTL' |

## UNITED STATES' RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order with respect to defendant JUDY MARQUIS. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.  A copy of a written statement given by JUDY MARQUIS has been provided to defense counsel together with this discovery response. Furthermore, a transcript of a recorded statement given by JUDY MARQUIS to the Hollywood police department, in connection with her October 19, 1999, arrest has been provided to defense counsel together with this discovery response.

2.  The following is the substance of an oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent which the government intends to use at trial: MARQUIS stated that she met Richards in Orlando, four to five years ago, through her fiancé, Michael Smith. She knew that Richards owned a car wash and operated a business out of a green building in Miramar, Florida. Respecting the counterfeit checks, Richards would pick her up in several different cars which Richards advised belonged to other people, and which were being detailed at his car wash. MARQUIS believed that Richards owned a Mercedes Bentz, a Burgundy Honda and a beat up truck. Richards would hand her the counterfeit checks in a white envelope. MARQUIS advised that she would cash the checks at various branches of NationsBank



or First Union National Bank, and then give Richards half of the proceeds. Often, the checks would be of the same type, but with different check numbers. Marquis stated that she did not really want to do this but that Richards would call her and coax her into it. MARQUIS stated that Richards was working with a white male from New York.

MARQUIS advised that she knew that the checks which she had cashed were either stolen or counterfeited and that she knew that what she was doing was illegal. She made in excess of ten thousand dollars ($10,000) between late June, 1999, and October, 1999. She could not remember the exact number of checks which she had cashed, but did not think that it was in excess of 50. She recalled cashing checks from Southeast Atlantic Services, Hamelin Industries, FHM, Ecolo Chem, from a couple of schools, from a telephone company. Most of the checks which she had cashed were for under one thousand dollars; however, she did see some large checks, in the vicinity of 11 to 12 thousand dollars. She would cash the checks first thing in the morning, or, after 3 p.m. Richards had offered MARQUIS fake identification, but she did not use any other names when cashing the checks.

MARQUIS stated that she cashed checks with Mejia only on one day.

With respect to Marlon Thomas. MARQUIS stated that Richards gave him 5 or 6 checks on the day of their arrest by the Hollywood Police. Thomas lives in Orlando.

3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward, Suite 700, Ft. Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date for August 10, 2000, at 10 a.m. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

Copies of books, papers, and documents which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant have been provided to defense counsel together with this

2

    discovery response. However, the attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may introduce at trial.

  6. Latent Fingerprint Evaluation/Comparison Reports pertaining to defendant MARQUIS have been provided to defense counsel together with this discovery response.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976). At this point, the Government is unaware of any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). At this point, the government has not made any payments, promises of immunity, leniency, preferential treatment, or other inducements to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. Defendant MARQUIS was not identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for

3

inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J. The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K. No contraband is involved in this indictment.

L. The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M. Latent fingerprints were found on several counterfeit checks, as specified Latent Fingerprint Evaluation/Comparison Reports provided to defense counsel, have been identified as that of the defendant. A copy of the latent fingerprint will be made available upon request to the undersigned.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P. At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Time: various
Date: various – see counterfeit checks provided in discovery
Place: various – see counterfeit checks provided in discovery

The attachments to this response are numbered pages 1 - 147. Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
Bertha R. Mitrani
Assistant United States Attorney
Florida Bar No. 88171
500 East Broward Boulevard
Fort Lauderdale, Florida 33394
Tel: 954/ 356-7255
Fax: 954/356-7336

cc:   Special Agent Krout
      USSS

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by United States mail this 2 day of Aug st, 2000 to

Edward Salentrie, Esquire
633 S.E. 3rd Avenue
Suite 4F
Fort Lauderdale, Florida 33301

Bertha R. Mitrani
Assistant United States Attorney

6