UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6175-CR-ZLOCH/SELTZER (s)

UNITED STATES OF AMERICA,

v.

KEN M. RICHARDS,
JUDY MARQUIS,
PEGGY MEJIA,
DAVID HILL,
  a/k/a, "Miguel Ponce,"
ELIZABETH MAXIME,
MESCAL SMITH,
WALTER VERRA,
and
KELSA VIALVA

Defendants.
_____/



## UNITED STATES' RESPONSE TO
## DEFENDANT RICHARDS' MOTION TO REDUCE BOND

### INTRODUCTION

On or about June 26, 2000, a bond hearing was held with respect to defendant KEN RICHARDS. After considering testimony from the defendant pertaining to his assets, and argument of counsel pertaining to the facts of the case and the risk that the defendant may flee, the Honorable Lurana S. Snow set a One Hundred Fifty Thousand Corporate Surety Bond with a *Nebbia* condition. Defendant has moved the Court to lower the bond to a Fifty Thousand Ten Percent Bond coupled with a One Hundred Thousand Dollar Personal Surety Bond to be cosigned by property owners. The Court Should deny the Defendant's motion for a reduction in bond as the factors which warranted a high bond – the seriousness of the allegations coupled

with the risk that the defendant may flee -- have not changed since the time of the bond hearing. To the contrary, a Superseding Indictment was returned by the Grand Jury on August 24, 2000, which charges the defendant with additional crimes and with forfeiture.

## STATEMENT OF FACTS

On June 22, 2000, the Grand Jury returned a 43 count Indictment which charged the Defendant with conspiracy to make, utter and posses counterfeit securities and with 42 substantive counts of making, uttering and possessing counterfeit securities. On August 24, 2000, a 66 count Superseding Indictment was returned which implicated additional conspirators who were involved with the defendant in the counterfeit check scheme, charged the Defendant with conspiracy to commit bank fraud and included a forfeiture provision, forfeiting the defendant's real property (his home), his car and bank accounts. It is believed that the defendant is responsible for at least $200,000.00 worth of fraudulent activity.

The weight of the evidence is strong. At lease four coconspirators are expected to testify that they either printed counterfeit checks at the defendant's request or that they were given the counterfeit checks by the defendant to cash. The defendant's fingerprints were found on three different counterfeit checks, from three different corporate entities. The Secret Service searched the defendant's house pursuant to a federal search warrant and discovered, among other items, a computer with a zip drive, blank check stock and three drivers licenses which did not belong to him. The zip drive is significant in that a zip disk is capable of storing large graphic files such as would be used to generate counterfeit checks. One of the conspirator sis expected to testify that he would create the counterfeit checks for RICHARDS using RICHARDS' computer and zip drive. When that coconspirator was arrested, he possessed a zip disk and that coconspirator's

2

computer did not have a zip drive. A review of the defendant's bank records reveals large cash deposits.

## ARGUMENT

In fashioning an appropriate bond, the judicial officer is charged with the responsibility of determining the amount and conditions of bond which will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. § 3142(c). That determination is based on the totality of the circumstances, including, the nature of the crime, the weight of the evidence, the potential sentence, the defendant's ties to the community and the defendant's history and background. *See e.g.*, 18 U.S.C. § 3142(g).

A One Hundred Thousand Dollar Corporate Surety Bond with *Nebbia* conditions is an appropriate bond under the circumstances. The charges against the defendant are serious -- they involve well over one hundred counterfeit checks and a fair number of coconspirators. The defendant is facing a potential sentence of 21 to 30 months. The investigation is ongoing. There is reason to believe that the loss amount, and corresponding sentence could increase.

Moreover, the defendant is not a citizen of the United States and faces potential deportation if convicted. The defendant has ties to his native country, Trinidad. Likewise, if convicted, the defendant is likely to lose most of his assets as criminal forfeiture. The defendant is not married. Although he has children which he claims to care for, those children were not at his house at the time he was arrested, which was very early on a weekday morning.

In short, this defendant poses a very real risk of flight. A $50,000, ten percent bond, which amounts to a mere $5000, does not provide any real security against the defendant fleeing. Accordingly, the United States opposes the defendant's request for a reduction in bond, and respectfully requests that the bond be kept at its current level.

          Respectfully submitted,

          GUY A. LEWIS
          UNITED STATES ATTORNEY

          By: _____
          Bertha R. Mitrani
          Assistant United States Attorney
          Florida Bar No. 88171
          500 East Broward Boulevard
          Fort Lauderdale, Florida 33394
          Tel: 954/ 356-7255
          Fax: 954/356-7336

cc:    Special Agent Krout
        Agency

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by regular first class mail on this September 22, 2000 to

Jack R. Blumenfeld, P.A.

2600 Douglas Road

911 Douglas Centre

Coral Gables, Florida 33134

Bertha R. Mitrani
Assistant United States Attorney

5